IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-72,501-01 & -02






EX PARTE RODDY PIPPIN, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 3885 & 3882 IN THE 46TH DISTRICT COURT


FROM HARDEMAN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of theft of livestock and sentenced to two terms of two years' imprisonment. He did not appeal his
convictions. 

 Applicant contends that placement in a state jail facility of the Texas Department of Criminal
Justice was a condition of his pleas. Applicant has alleged facts that, if true, might entitle him to
relief. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
is being or will be housed in a unit under the Correctional Institutions Division of the Texas
Department of Criminal Justice and whether placement in a state jail facility was a condition of his
pleas. The trial court shall also make findings of fact and conclusions of law as to whether
Applicant's sentences have discharged and, if they have not, when they will discharge. The trial court
shall make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The plea papers and reporter's
record, if any, of the plea hearings shall also be returned to this Court within 120 days of the date of
this order. Any extensions of time shall be obtained from this Court. 




Filed: September 16, 2009

Do not publish